ORIGINAL

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014   E-FILING
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff                    ADR
   MARSHALL LEE PALMER

07 DEC -3 PM 2: 52

RICHARD W. WIEKING
U.S. DISTRICT COURT

6

7

8            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9            SAN FRANCISCO/OAKLAND DIVISION

10  MARSHALL LEE PALMER,                    Case No. C07-06104 MMC

11                      Plaintiff,

12  v.                                      **COMPLAINT**

13  PERSOLVE, LLC, a Delaware limited       **DEMAND FOR JURY TRIAL**

14  liability company, and ALAINE           15 United States Code § 1692 *et seq.*
    PATTI-JELSVIK, individually and in her  California Civil Code § 1788 *et seq.*
15  official capacity,                      California Civil Code § 1812.700

16                      Defendants.

17         Plaintiff, MARSHALL LEE PALMER (hereinafter "Plaintiff"), based on information

18  and belief and investigation of counsel, except for those allegations which pertain to the named

19  Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following

20  allegations:

21                           **I. INTRODUCTION**

22         1.     This is an action for statutory damages, attorney fees and costs brought by an

23  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24  § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

25  California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26  engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney

27  fees and costs for Defendants' violation of Cal. Civil Code §§ 1812.700-1812.702.

28  ///

                                    -1-

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III. VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the San Francisco/Oakland of this Court because Defendant, PERSOLVE, LLC, can be served with process in San Francisco County.

## V. PARTIES

6.      Plaintiff, MARSHALL LEE PALMER (hereinafter "Plaintiff"), is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, PERSOLVE, LLC (hereinafter "PERSOLVE"), is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 28470 Avenue Stanford, Suite 215, Valencia, California  91355. PERSOLVE may be served as follows:  PerSolve, LLC, c/o H. Thomas Halen III, Agent for Service of Process, 50 Francisco Street, Suite 203, San Francisco, California 94133. The principal purpose of PERSOLVE is the collection of debts using the mails and telephone, and PERSOLVE regularly attempts to collect debts alleged to be originally due another. PERSOLVE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). PERSOLVE is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692

-2-

COMPLAINT

1  *et seq.*

2       8.      Defendant, ALAINE PATTI-JELSVIK (hereinafter "JELSVIK"), is a natural

3  person and is or was an employee, agent, officer and/or director of PERSOLVE at all relevant times.

4  JELSVIK may be served at her current business address at:  Alaine Patti-Jelsvik, PerSolve, LLC,

5  28470 Avenue Stanford, Suite 215, Valencia, California  91355.  JELSVIK is a "debt collector"

6  within the meaning of 15 U.S.C. § 1692a(6).  JELSVIK is a third-party debt collector subject to the

7  federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  Plaintiff is informed and

8  believes, and thereon alleges that JELSVIK is liable for the acts of PERSOLVE because she sets and

9  approves PERSOLVE collection policies, practices, procedures and she directed the unlawful

10  activities described herein.

11       9.      At all times herein mentioned, each of the Defendants was an officer, director,

12  agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all

13  said times, each Defendant was acting in the full course and scope of said office, directorship,

14  agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without

15  further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

16                          **VI.  FACTUAL ALLEGATIONS**

17       10.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial

18  obligation that was primarily for personal, family or household purposes, namely a consumer credit

19  account issued by Household Bank, and bearing the account number XXXX-XXXX-XXXX-6780

20  (hereinafter "the debt").  The financial obligation owed by Plaintiff is a "debt" as that term is defined

21  by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §

22  1788.2(f).

23       11.     Sometime thereafter on a date unknown to Plaintiff, the debt was consigned,

24  placed or otherwise transferred to Defendants for collection from Plaintiff.

25       12.     Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

26  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27       13.     A true and accurate copy of the collection letter from Defendants to Plaintiff

28  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

1      14.    The collection letter (Exhibit "1") is dated December 20, 2006.

2      15.    Plaintiff is informed and believes, and thereon alleges that the collection letter

3    (Exhibit "1") was Defendants' initial communication to Plaintiff in connection with the collection

4    of the debt.

5      16.    The collection letter (Exhibit "1") was sent in an envelope on which a postage

6    meter stamp dated December 20, 2006, was imprinted.

7      17.    Plaintiff is informed and believes, and thereon alleges that Defendants

8    deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or

9    about December 20, 2006.

10      18.    The collection letter (Exhibit "1") represented that Plaintiff owed $5,785.54,

11    plus interest.

12      19.    The collection letter fails to disclose the amount of the debt being collected.

13    See, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875 (7th

14    Cir. 2000).

15      20.    The collection letter (Exhibit "1") states:

16    Accordingly, PERSOLVE, LLC hereby declares the outstanding obligation under the
       Agreement immediately due and payable, and this letter constitutes PERSOLVE,

17    LLC's final demand that you immediately pay the sum of $5,785.54 plus interest,
       which continues to accrue, on or before 10 days from the date of this letter.

18

19    Please note that this office is not a collection agency and does not believe in
       engaging in a long series of letter writing exercises. This letter is the last you will

20    receive. The next action on the part of this office if this letter is ignored shall be a
       lawsuit.

21      21.    The collection letter (Exhibit "1") informs the reader of the debt being

22    collected in 11 point type.

23      22.    The collection letter (Exhibit "1") provides the notice required by Cal. Civil

24    Code § 1812.700(a) in 10 point type.

25      23.    The collection letter (Exhibit "1") provides the notice required by Cal. Civil

26    Code § 1812.700(a) in a type-size that is smaller than 12-point type and smaller than the type-size

27    used to inform Plaintiff of the specific debt being collected.

28      24.    Plaintiff is informed and believes, and thereon alleges that Defendants have

-4-
COMPLAINT

1   sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California

2   in the one-year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend

3   this Complaint to add class allegations at a later date.

4                                          **VII.  CLAIMS**

5                        **FAIR DEBT COLLECTION PRACTICES ACT**

6                                    **(Against All Defendants)**

7          25.     Plaintiff brings the first claim for relief against Defendants under the Federal

8   Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

9          26.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

10  through 24 above.

11         27.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

12  1692a(3).

13         28.     Defendant, PERSOLVE, is a "debt collector" as that term is defined by the

14  FDCPA, 15 U.S.C. § 1692a(6).

15         29.     Defendant, JELSVIK, is a "debt collector" as that term is defined by the

16  FDCPA, 15 U.S.C. § 1692a(6).

17         30.     The financial obligation owed by Plaintiff is a "debt" as that term is defined

18  by the FDCPA, 15 U.S.C. § 1692a(5).

19         31.     The collection letter (Exhibit "1") described above violates the FDCPA.  The

20  violations include, but are not limited to, the following:

21                 a.      Defendants failed to disclose the amount of the debt being collected

22                         in their first written notice to Plaintiff, in violation of 15 U.S.C. §

23                         1692g(a)(1); and

24                 b.      Defendants demand that Plaintiff pay the debt "on or before 10 days

25                         from the date of this letter" overshadowed, and thus rendered

26                         ineffective, the 30-day validation notice, in violation of 15 U.S.C. §

27                         1692g.

28         32.     Defendant's acts as described above were done intentionally with the purpose

-5-

COMPLAINT

1    of coercing Plaintiff to pay the debt.

2         33.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to

3    an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

4                    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

5                              **(Against Defendant PERSOLVE)**

6         34.    Plaintiff brings the second claim for relief against Defendant PERSOLVE

7    under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§

8    1788-1788.33.

9         35.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

10   through 33 above.

11        36.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

12   § 1788.2(h).

13        37.    Defendant, PERSOLVE, is a "debt collector" as that term is defined by the

14   RFDCPA, Cal. Civil Code § 1788.2(c).

15        38.    The financial obligation owed by Plaintiff is a "consumer debt" as that term

16   is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

17        39.    The collection letter (Exhibit "1") described above violates the RFDCPA.

18   The violations include, but are not limited to, the following:

19              a.    PERSOLVE failed to disclose the amount of the debt being collected

20                    in their first written notice to Plaintiff, in violation of 15 U.S.C. §

21                    1692g(a)(1), as incorporated by Cal. Civil Code § 1788.17; and

22              b.    PERSOLVE demand that Plaintiff pay the debt "on or before 10 days

23                    from the date of this letter" overshadowed, and thus rendered

24                    ineffective, the 30-day validation notice, in violation of 15 U.S.C. §

25                    1692g, as incorporated by Cal. Civil Code § 1788.17.

26        40.    PERSOLVE's acts as described above were done willfully and knowingly

27   with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code §

28   1788.30(b).

41.     As a result of PERSOLVE's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

42.     As a result of PERSOLVE's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

43.     As a result of PERSOLVE's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

44.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## CALIFORNIA CONSUMER COLLECTION NOTICE

### (Against All Defendants)

45.     Plaintiff brings the third claim for relief against Defendants under California Civil Code §§ 1812.700-1812.702.

46.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 44 above.

47.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

48.     Defendant, PERSOLVE, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

49.     Defendant, JELSVIK, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

50.     The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51.     Defendants failed to include the notice required by Cal. Civil Code §

-7-

COMPLAINT

1  1812.700(a) in their first written notice to Plaintiff in a type-size that was at least the same type-size

2  as that used to inform Plaintiff of his specific debt or 12-point type, in violation of Cal. Civil Code

3  § 1812.701(b).

4      52.    Defendants' acts as described above were done willfully and knowingly with

5  the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code §

6  1788.30(b).

7      53.    As a result of Defendants' willful and knowing violations of Cal. Civil Code

8  § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one

9  hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code

10  § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702.

11      54.    As a result of Defendants' violations of  Cal. Civil Code § 1812.700(a),

12  Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as

13  incorporated by Cal. Civil Code §§ 1788.17 and 1812.702.

14      55.    As a result of Defendants' violations of Cal. Civil Code § 1812.700(a),

15  Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil

16  Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §§ 1788.17 and

17  1812.702.

18      56.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil

19  Code § 1788.30(c) and Cal. Civil Code § 1788.17 are intended to be cumulative and in addition to

20  any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

21              **VIII.  REQUEST FOR RELIEF**

22      Plaintiff requests that this Court:

23      a.    Assume jurisdiction in this proceeding;

24      b.    Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the

25          Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g and 1692g(a)(1);

26      c.    Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the

27          Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17.

28      d.    Declare that Defendants' collection letter attached hereto as Exhibit "1" violates Cal.

-8-

COMPLAINT

Civil Code § 1812.700(a) in that it does not contain the required "Consumer Disclosure Notice";

e.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

g.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

h.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b), as incorporated by Cal. Civil Code § 1812.702;

i.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §§ 1788.17 and 1812.702;

j.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

k.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
MARSHALL LEE PALMER

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4                                                    /s/ Fred W. Schwinn
                                                     Fred W. Schwinn, Esq.
5

6                              ## DEMAND FOR JURY TRIAL

7      PLEASE TAKE NOTICE that Plaintiff, MARSHALL LEE PALMER, hereby demands a

8  trial by jury of all triable issues of fact in the above-captioned case.

9
                                                     /s/ Fred W. Schwinn
10                                                   Fred W. Schwinn, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-
COMPLAINT